Mary Jo O'Neill, AZ Bar # 005924
Andrea G. Baran, MO Bar # 46520
James Driscoll-MacEachron, AZ Bar # 027828
Christopher Houk, AZ Bar # 020843
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012
Telephone:  (602) 640-5043
e-mail: mary.oneill@eeoc.gov
            andrea.baran@eeoc.gov
            james.driscoll-maceachron@eeoc.gov
            christopher.houk@eeoc.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>            Plaintiff,<br>     vs.<br><br>Peabody Western Coal Company d/b/a Peabody Coal Company,<br><br>            Defendant,<br><br>Navajo Nation,<br><br>            Rule 19 Defendant. | Case No.: No. CIV-01-01050-MHM<br><br>**SECOND AMENDED COMPLAINT** |

## NATURE OF THE ACTION

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), against Peabody Coal Company ("Peabody") seeking redress for unlawful discrimination against a class of non-Navajo Native Americans.  Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission") contends that Peabody has discriminated

1

against and continues to discriminate against non-Navajo Native Americans on the basis of their national origin by failing to hire qualified non-Navajo Native Americans. The Commission further contends that Peabody has failed to retain employment applications as required by 42 U.S.C. § 2000e-8(c).

## JURISDICTION AND VENUE

2.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 42 U.S.C. § 2000e-5(f)(1) and (3).

3.      Peabody's unlawful employment practices were committed in Kayenta and Black Mesa, Arizona and, accordingly, venue is proper in this Court.

4.      The unlawful employment practices occurred on the property of the Navajo Nation located in Kayenta and Black Mesa, Arizona and, accordingly, venue is proper in this Court.

## PARTIES

5.      The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by 42 U.S.C. § 2000e-5(f)(1) and (3).

6.      More than thirty days prior to the institution of this lawsuit, Delbert Mariano ("Mariano"), Thomas Sahu ("Sahu") and Robert Koshiway ("Koshiway") (collectively referred to as the "Charging Parties") filed charges of discrimination with the Commission alleging that Peabody had violated Title VII by refusing to hire them

because they were Native Americans who were not members of the Navajo Nation. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Peabody operates a coal mining business on land which is located in Arizona and has, at all relevant times, employed in excess of seven hundred (700) employees.

8. At all relevant times, Peabody has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

9. Defendant Navajo Nation is a party to a lease agreement with the Defendant employer, Peabody Coal Company, and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, in that, in its absence, complete relief cannot be accorded among those already parties, and it has an interest in the subject of this action.

## CONCILIATION

10. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b).

## STATEMENT OF CLAIMS

11. Charging Parties are all Native Americans who are not members of the Navajo Nation. Charging Party Mariano is a member of the Hopi Tribe. Charging Party

3

Sahu was a member of the Hopi Tribe, and Charging Party Koshiway was a member of the Otoe Tribe.[1]

12. Peabody operates a mine which is located on land owned, in part, by the Navajo Nation and Hopi Tribe.

13. Charging Parties and a class of qualified non-Navajo Native Americans applied for open positions with Peabody for which they were qualified. Peabody did not hire Charging Parties and the class of qualified non-Navajo Native Americans, but instead hired members of the Navajo Nation for the open positions.

14. Peabody has a history of refusing to hire non-Navajo Native Americans for open positions at its mine. The effect of this reputation is that qualified non-Navajo Native Americans have been discouraged from applying for open positions at Peabody and have accordingly failed to apply for open positions with Peabody.

15. The effect of Peabody's practices outlined above has been to deprive non-Navajo Native Americans of equal employment opportunities because of their national origin.

## FIRST CLAIM FOR RELIEF

**(Discrimination in violation of Title VII based on national origin)**

16. The Commission incorporates by this reference paragraphs one through fifteen outlined above.

---

[1] Charging Party Sahu passed away in 2006, and Charging Party Koshiway died in September, 1999.

17. Peabody has engaged in, and continues to engage in, unlawful employment practices by discriminating against Charging Parties and a class of qualified non-Navajo Native Americans on the basis of their national origin in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by refusing to hire qualified non-Navajo Native American individuals.

18. The unlawful employment practices complained of above were intentional.

## SECOND CLAIM FOR RELIEF

### (Record-keeping violation)

19. Peabody has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Peabody, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination on the basis of national origin.

B. Order Peabody to institute and carry out policies, practices, and programs which provide equal employment opportunities for non-Navajo Native Americans and which eradicate the effects of its past and present unlawful employment practices.

C. Order Peabody to provide Charging Parties and a class of similarly situated non-Navajo Native Americans the affirmative relief necessary to eradicate the effects of Peabody's unlawful employment practices on them, including instatement.

D.  Order Peabody to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

E.  Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the Commission its costs of this action.

DATED this 27th day of December, 2010.

Respectfully Submitted,

MARY JO O'NEILL
Regional Attorney

ANDREA G. BARAN
Supervisory Trial Attorney

*/s/ James Driscoll-MacEachron*
JAMES DRISCOLL-MACEACHRON
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on this 27th day of December, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Paul E. Frye
Lisa M. Enfield
Frye Law Firm, P.C.
10400 Academy N.E., Suite 310
Albuquerque, NM  87111

Louis Denetsosie
Attorney General
Navajo Nation Department of Justice
P.O. Box 2010
Window Rock, Navajo Nation, AZ  86515

**Attorneys for Rule 19 Defendant, the Navajo Nation**

Lawrence J. Rosenfeld
John F. Lomax, Jr.
Mary E. Bruno
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona  85016

**Attorneys for Defendant Peabody Western Coal Co.**

*/s/ James Driscoll-MacEachron*
Attorney for Plaintiff