1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

10
11

| | |
|---|---|
| EQUAL OPPORTUNITY EMPLOYMENT COMMISSION | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PEABODY WESTERN COAL COMPANY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**2:01-cv-01050 JWS**

**ORDER AND OPINION**

**[Re: Motion at Docket 196]**

19

### I.  MOTION PRESENTED

At docket 196, defendant Navajo Nation ("the Nation") renews its motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, failure to state a claim, and failure to exhaust tribal remedies.  The motion was originally filed at docket 89.  Plaintiff Equal Opportunity Employment Commission ("the EEOC") opposes the motion at docket 213.  Defendant Peabody Western Coal Company ("Peabody") filed a response in support of the Nation's motion, at docket 214. Supplemental responses were filed by Peabody and the EEOC at dockets 224 and 225. The Nation's reply is at docket 231.  Oral argument was requested, but would not assist the court.

## II.  BACKGROUND

This lawsuit was filed in 2001 and arises out of lease provisions requiring that Peabody, a coal mining company which leases land from the Nation, provide employment preference to Navajo job applicants over other applicants.  Comprehensive background is provided in *EEOC v. Peabody Coal Co.* ("*Peabody I*"),[1]  *EEOC v. Peabody Western Coal Co.* ("*Peabody II*"),[2]  and *Peabody v. Western Coal Co.* ("*Peabody III*").[3]

## III.  STANDARD OF REVIEW

**A. Subject Matter Jurisdiction**

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction.  In order to survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction.[4]  Where the defendant brings a facial attack on the subject matter of the district court, the court assumes the factual allegations in the plaintiff's complaint are true and draws all reasonable inferences in the plaintiff's favor.[5]  The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[6]

**B. Personal Jurisdiction**

"Where a defendant moves to dismiss a complaint [pursuant to Federal Rule of Civil Procedure 12(b)(2),] for lack of personal jurisdiction, the plaintiff bears the burden

---

[1]214 F.R.D. 549 (D. Ariz. 2002).

[2]400 F.3d 774 (9th Cir. 2005).

[3]610 F.3d 1070 (9th Cir. 2010).

[4]*Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[5]*Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[6]*Id.*

of establishing that a court has personal jurisdiction over a defendant."[7]  Where the motion is based only upon written materials, rather than an evidentiary hearing, the plaintiff is required only to make a prima facie showing of personal jurisdiction.[8] Uncontroverted allegations in the complaint are taken as true, and conflicts between parties over statements contained in affidavits are resolved in favor of the plaintiff.[9]

**C.  Failure to State a Claim**

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[10]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[11]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[12]  To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[13]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted

---

[7]*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

[8]*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

[9]*Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009).

[10]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[11]*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[12]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[13]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[14]*Id.*

unlawfully."[15]  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[16]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[17]

## IV.  DISCUSSION

Although the Nation re-filed the entirety of its motion to dismiss, it recognized that *Peabody III* rejected several of the motion's bases.[18]  The court will not revisit the Nation's arguments that its sovereign immunity precludes its joinder under Rule 19 or that claims against it must be dismissed for inability to join the Secretary of the Interior. Those arguments have been rejected by the Court of Appeals.[19]

### A.  Title VII and the Rehabilitation Act

The Nation argues that it is exempt from application of Title VII.  Section 2000e(b) of Title 42 excludes "Indian tribe[s]" from the definition of "employer."[20] However, the EEOC is seeking injunctive relief against Peabody, not the Nation.[21]  The Nation was joined to ensure "that both Peabody and the Nation are bound to any judgment upholding or striking down the challenged lease provision."[22]  Consequently, whether the Nation is exempt from Title VII does not bear on the present motion.

---

[15]*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[16]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[17]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[18]Doc. 196 at 2.

[19]*See Peabody III*, 610 F.3d at 1080, 1087.

[20]42 U.S.C. § 2000e(b)(1).

[21]*Peabody III*, 610 F.3d at 1080.

[22]*Peabody II*, 400 F.3d at 783.

1    The Nation renews its contention that the Navajo-Hopi Rehabilitation Act of 1950

2    authorizes tribe-specific preferences.[23]  However, the Ninth Circuit was clear, when

3    vacating the court's previous holding on that issue, that reconsideration should not

4    occur until the Secretary of the Interior has presented arguments "on the legality of the

5    [contested] preferences".[24]  The Secretary has not yet presented any arguments on the

6    legality of tribe-specific preferences, and the court therefore declines to consider the

7    issue at this juncture.[25]

8    **B.  Personal Jurisdiction and Service of Process**

9        The Nation argues that the court lacks personal jurisdiction because it was not

10   served in conformity with Federal Rule of Civil Procedure 4.  The Nation relies on

11   *Prewitt Enter., Inc. v. Organization of Petroleum Exporting Countries,*[26] in which the

12   Eleventh Circuit held that the Organization of Petroleum Exporting Countries ("OPEC")

13   could not be served in accordance with Federal Rule of Civil Procedure 4(h)(2) and 4(f),

14   primarily because "Austrian law clearly provide[d] protection to OPEC as an

15   international organization from all methods of service of process without its consent"

16   and because OPEC did not consent.  *Prewitt* does not apply here because the Nation is

17   not an unincorporated association in a foreign country.

18       The EEOC maintains that it properly served the Nation under Federal Rule of

19   Civil Procedure 4(j), which applies to foreign, state, and local governments.  Rule 4(j)(2)

20   provided, at the time that service was attempted, that "[s]ervice upon a state, municipal

21   organization, or other governmental organization subject to suit shall be effected by

22   delivering a copy of the summons and of the complaint to its chief executive officer or by

---

[23]25 U.S.C. §§ 631–638.

[24]*Peabody III*, 610 F.3d at 1087.

[25]*See* doc. 227.

[26]353 F.3d 916, 928 (11th Cir. 2003).

1  serving the summons and complaint in the manner prescribed by the law of that state."[27]

2  The EEOC mailed the summons and complaint to the Nation's President and Attorney

3  General twice, in accordance with Navajo Nation Code, Title I, § 555(A) and (C).  By

4  doing so, the EEOC effected service under Federal Rule of Civil Procedure 4(j)(2)(A)

5  and (B).

6          Even if Rule 4(j) did not apply–and the Nation were properly considered an

7  association–the court concludes that service would have been effective under Rule 4(h).

8  **C. Failure to State a Claim and Lack of Capacity**

9          The Nation argues that the complaint must be dismissed because it fails to state

10 a claim against the Nation.  This argument is foreclosed by *Peabody II* and *Peabody III*.

11 In *Peabody II*, the Ninth Circuit stated that "where the EEOC asserts a cause of action

12 against Peabody and seeks no affirmative relief against the Nation, joinder of the Nation

13 under Rule 19 is not prevented by the fact that the EEOC cannot state a cause of action

14 against it."[28]  In *Peabody III*, the Ninth Circuit concluded that "EEOC is not seeking any

15 injunctive relief against the Nation.  The Nation is 'bound' by the injunction only in the

16 sense that it is res judicata as to the Nation, not in the sense that the injunction

17 affirmatively requires the Nation to do something."[29]  Although framed in the context of

18 joinder, the Ninth Circuit's conclusions would not make any sense if the EEOC's failure

19 to seek relief from the Nation compelled dismissal of the complaint.

20         Contrary to its assertions that it is not a government or governmental agency for

21 purposes of service of process, the Nation argues that the EEOC was required to refer

22

23

24

25      [27]Fed. R. Civ. P. 4(j)(2).  The rule was amended in 2007 to reduce the "risk that th[e] rule
   might be read to govern service on a federal agency, or other entities not created by state law."
26 *Id.* advisory committee's note.

27      [28]400 F.3d at 778.

28      [29]610 F.3d at 1080.

1   this case to the Attorney General of the United States.[30]  Similarly, the Nation maintains

2   that the EEOC has not complied with the statutory conditions on a suit under Title

3   VII–specifically, that the EEOC "made no attempt at conciliation with the Navajo

4   Nation."[31]  The problem with the Nation's arguments is that the EEOC is not alleging

5   that the Nation has violated Title VII.[32]  The Nation was joined to insure complete and

6   binding relief with respect to Peabody, so there is no basis for conciliation between it

7   and the EEOC.

8   **D.  Failure to Exhaust Tribal Remedies**

9       The Nation also argues that the court should decline to exercise its jurisdiction in

10  this case because the EEOC did not first file suit in a tribal court and exhaust tribal

11  remedies available to it there.  Tribal exhaustion is prudential, not jurisdictional.[33]  It is a

12  matter of comity that arises primarily in context of tribal court jurisdiction.[34]  Tribal court

13  jurisdiction is not at issue in this case–even assuming that the appropriate tribal court

14  has jurisdiction to hear suits alleging violations of Title VII, disposition of this suit in a

15  federal forum in the absence of a tribal court determination will not undermine

16  Congress' policy of supporting tribal self-government.

---

[30]*See* 42 U.S.C. § 2000e-5(f)(1) ("In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General.").

[31]Doc. 89 at 42.

[32]*See* 42 U.S.C. § 2000e-5(b).

[33]*El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 483–84 (1999); *Sharber v. Spirit Mountain Gaming, Inc.*, 343 F.3d 974, 975–76 (9th Cir. 2003) (per curiam).

[34]*See Sharber*, 343 F.3d at 975.

1

## V.  CONCLUSION

2        For the reasons above, the Nation's motion at docket 196 is **DENIED** without

3   prejudice to renewal of its arguments on the merits of the tribal preferences at issue in

4   connection with the Secretary's explication of the preferences.

5        DATED this 7th day of March 2012.

6

7                                           /s/
                                    JOHN W. SEDWICK

8                                 UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28