UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| Peabody Coal Company, | ) ) | 2:01-cv-01050 JWS |
| Defendant, | ) ) | |
| and | ) ) | |
| Navajo Nation, | ) ) | ORDER AND OPINION |
| Rule 19 Defendant. | ) ) ) | |
| Peabody Coal Company, | ) ) | [Re:   Motion at docket 228] |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| Larry J. Echo Hawk, in his official capacity as Assistant Secretary for Indian Affairs of the United States of America, and Kenneth L. Salazar, in his official capacity as Secretary of the Interior of the United States of America, | ) ) ) ) ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

| | |
|---|---|
| **Peabody Western Coal Company,** | ) |
| | ) |
| Counter-claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| **P. David Lopez, in his official capacity as General Counsel of the Equal Employment Opportunity Commission, and Jacqueline A. Berrien, in her official capacity as Chair of the Equal Employment Opportunity Commission** | ) |
| | ) |
| Counter-defendants. | ) |

## I.  MOTION PRESENTED

At docket 228, plaintiff Equal Employment Opportunity Commission ("EEOC") moves to dismiss the counterclaim filed by counter-claimant Peabody Western Coal Company ("Peabody").  Peabody's opposition is at docket 247, and EEOC's reply is at docket 259.  Oral argument was requested, but would not be of assistance to the court.

## II.  BACKGROUND

This long running litigation has been resolved twice by the district court and been appealed twice to the Court of Appeals.  The case is now before a new district judge following the circuit court's second reversal and remand.  There is no need to recount the facts and procedural history prior to the most recent appellate court decision in this order, because the parties are familiar with them, and other readers can inform themselves by reading the prior circuit court decisions.[1]

---

[1] *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774 (9th Cir. 2005) and *E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070 (9th Cir. 2010).

Subsequent to the second remand, the EEOC filed a Second Amended Complaint.[2] The principal relief sought by EEOC is an injunction enjoining Peabody from engaging in discrimination on the basis of national origin.[3] Navajo Nation and Peabody separately answered the Second Amended Complaint on February 14, 2011.[4] The case was then stayed while Navajo Nation pursued a petition for *certiorari* in the Supreme Court. After the petition was denied by the Supreme Court, Peabody filed a third-party complaint against Messrs. Echo Hawk and Salazar in their official capacities as officers of the United States Department of the Interior, which included a counterclaim against EEOC.[5] It is that counterclaim which is the subject of the motion at hand.

In Count One of the counterclaim section of Peabody's pleading, it asks the court to decide and declare whether the tribe-specific preferences involved in this litigation are unlawful under Title VII, or lawful in spite of Title VII. In Count Two it alleges that EEOC has violated the Administrative Procedure Act by prosecuting the lawsuit at bar and by failing to determine in consultation with the Interior Department or otherwise whether tribe-specific preferences fall outside the conduct proscribed by Title VII.

---

[2] Second Amended Complaint, doc. 170.

[3] The Second Amended Complaint also seeks related relief in the form of an order requiring Peabody to provide equal opportunities for non-Navajo Native Americans "which eradicate the effects of its past and present unlawful employment practices" (the quoted language probably demands relief beyond that which the Court of Appeals authorized EEOC to seek, but that is a matter for another day, and only if EEOC prevails on the principal issue) and requiring Peabody to comply with record keeping provisions of Title VII.

[4] Docs. 184 and 185.

[5] Doc. 195. An identical complaint, save for the absence of a completed certificate of service, was filed earlier the same day at docket 194.

## III.  DISCUSSION

The crux of  EEOC's motion is succinctly captured in this statement: "Neither the EEOC's alleged inactions nor the filing of this lawsuit provides a basis for judicial review under the APA, as they are not "final agency actions under the APA and, furthermore, Peabody has an adequate remedy available to it through this litigation."[6]  It is fair to say that the entirety of the parties' briefing is aimed at establishing the accuracy or inaccuracy of that statement.  This court sees no need to parse the briefing and discuss the numerous cases cited by the parties in their analyses, for two intertwined reasons.

First, if Peabody prevails on the merits of the EEOC's claim because tribe-specific preferences sanctioned by the United States, and an Indian tribe are creatures of Indian law which fall outside Title VII, it will have succeeded to the same extent as it would if the court had simultaneously entertained and decided the counterclaims.  That is to say, the court's decision finding no merit in EEOC's position would effectively declare that EEOC cannot enforce Title VII against a tribe-specific preference established in consonance with federal Indian law.  Second, if EEOC prevails by persuading the court that, despite the long history of government-sanctioned tribe specific preferences, such preferences violate Title VII, then Peabody would not be entitled to any relief on its counterclaims–even if EEOC should have conferred, but did not confer, with the Interior Department, that failure would simply be moot.  The court's conclusions on these points seem all the more appropriate given that the Interior

---

[6]Doc. 228 at pp. 5-6.

Department has now fully set forth its views on the application of Indian law principles to the tribe-specific preferences in dispute.

While the court is quite confident that the preceding synopsis is correct, if the court has overlooked an issue that would not effectively be resolved by its decision on the merits of EEOC's claims, that oversight could be rendered of little significance by granting the motion at docket 228 without prejudice to Peabody's opportunity to file a counterclaim *after* the court has decided the merits of EEOC's claims.

## IV.  CONCLUSION

For the reasons above, the motion at docket 228 is GRANTED but without prejudice to Peabody filing a renewed counterclaim in the event that resolution of this case on the merits of EEOC's claims somehow leaves an issue relating to Peabody's conduct vis-a-vis the tribe-specific preferences enshrined in the leases unresolved.

DATED this 20th day of September 2012.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE